United States District Court
Southern District of Texas
**ENTERED**
April 25, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUCREASHA MCKINNEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1148 |
| | § | |
| FISERV CIR D/B/A FISERV, INC., | § | |
| AND RANDSTAD PROFESSIONALS US, | § | |
| LLC D/B/A RANDSTAD, | § | |
| | § | |
| Defendants. | § | |

**ORDER TO AMEND NOTICE OF REMOVAL TO ALLEGE
FACTS ESTABLISHING SUBJECT MATTER JURISDICTION**

Plaintiff, Lucreasha McKinney, filed this action on March 2, 2018, in the 240th Judicial District Court of Fort Bend County, Texas, under cause number 18-DCV-249313, against defendants, Fiserv CIR d/b/a Fiserv, Inc., and Randstad Professionals US, LLC, d/b/a Randstad, asserting causes of action for negligence and seeking damages.[1] On April 11, 2018, a Notice of Removal was filed by "Defendant Fiserv Solutions, LLC incorrectly named as Fiserv CIR d/b/a Fiserv Inc. ('Fiserv')."[2] Fiserv states the basis for removal as follow:

> 7. The State Court Action constitutes a removable "civil action" under 28 U.S.C. § 1441(a). This court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1332 because this is a civil action in which the amount in controversy exceeds the sum or value of $75,000,

---

[1]Plaintiff's Original Petition, Docket Entry No. 1-1.

[2]Notice of Removal, Docket Entry No. 1, p. 1.

> exclusive of costs and interest, and is between citizens of different states. . .
>
> **A.  Complete Diversity**
>
> 8.  Plaintiff is a Texas resident of Harris County, Texas. *See* Original Petition at § I.
>
> 9.  Fiserv is a Wisconsin limited liability company with its principal place of business in Wisconsin, and has no members who are residents of Texas.
>
> 10. Randstad Professionals is a limited liability company organized under the laws of the State of Delaware with its headquarters and principal place of business in the State of Georgia.
>
> 11. Therefore, complete diversity exists between Plaintiff and all defendants under 28 U.S.C. § 1332(a).[3]

"Jurisdiction cannot be waived, and it is the duty of a federal court first to decide, <u>sua sponte</u> if necessary, whether it has jurisdiction before the merits of the case can be addressed." <u>Filer v. Donley</u>, 690 F.3d 643, 646 (5th Cir. 2012). <u>See also</u> <u>A.I.M. Controls, L.L.C. v. Commissioner of Internal Revenue</u>, 672 F.3d 390, 392 (5th Cir. 2012) ("Federal courts 'must raise and decide jurisdictional questions that the parties either overlook or elect not to press.'") (quoting <u>Henderson ex rel. Henderson v. Shinseki</u>, 131 S. Ct. 1197, 1202 (2011)). Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. <u>McLaughlin v. Mississippi Power Co.</u>, 376 F.3d 344, 353 (5th Cir. 2004) (citing <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806)). "'The concept of complete diversity requires that all persons on one side of the controversy be citizens of different

---

[3] <u>Id.</u> at 2-3 ¶¶ 7-11.

2

states than all persons on the other side.'" Id. (quoting Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)). Moreover, the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Insurance Co., 243 F.3d 912, 916 (5th Cir.), cert. denied, 122 S. Ct. 459 (2001). Thus, Fiserv as the party asserting federal jurisdiction, bears the burden to demonstrate complete diversity.

The citizenship of limited liability companies is determined by the citizenship of their members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). When members of a limited liability company are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability company. See Mullins v. TestAmerica, Inc., 564 F.3d 386, 397-98 (5th Cir. 2009). The Notice of Removal filed in this action states that both defendants are limited liability companies but does not contain any mention of defendants' members or their respective states of citizenship. Under Harvey these allegations are not sufficient to establish diversity jurisdiction.

The citizenship of a natural person is the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. See Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 555-56 (5th

Cir. 1985). "For purposes of diversity jurisdiction, the domicile of the parties, as opposed to their residence, is the key." Preston v. Tenet Healthsystem Memorial Medical Center, Inc., 485 F.3d 793, 799 (5th Cir. 2007) (quoting Combee v. Shell Oil Co., 615 F.2d 698, 700 (5th Cir. 1980)). See Parker v. Overman, 59 U.S. 137, 141, 18 How. 137, 141 (1855) ("'Citizenship' and 'residence' are not synonymous terms."). The Notice of Removal filed in this action states that "Plaintiff is a Texas resident of Harris County, Texas."[4] These allegations are not sufficient to establish diversity jurisdiction. See Realty Holding Co. v. Donaldson, 45 S. Ct. 521, 521 (1925) (allegation of residency is inadequate to invoke diversity jurisdiction).

Under 28 U.S.C. § 1653 the court may exercise discretion and allow defendant an opportunity to amend the Notice of Removal to cure defective allegations regarding jurisdiction. See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). See also Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (explaining that § 1653 is be "broadly construed to avoid dismissals of actions on purely 'technical' or 'formal grounds,'" and that a "failure to specifically allege the citizenship of a party can be cured" under that Section).

---

[4] Id. at 2 ¶ 8.

Accordingly, Fiserv is **ORDERED** to file an amended notice of removal by May 18, 2018, that identifies plaintiff's state of citizenship and defendants' members and their respective states of citizenship. Should Fiserv fail to file an amended notice of removal that adequately alleges facts sufficient to establish subject matter jurisdiction, this action will be remanded to state court for lack of jurisdiction.

**SIGNED** at Houston, Texas, on this 25th day of April, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE