## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LUCREASHA MCKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-01148 |
| | ) | |
| FISERV, CIR D/B/A FISERV, AND | ) | |
| RANDSTAD PROFESSIONALS US, LLC | ) | |
| D/B/A RANDSTAD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' RESPONSE AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendants Randstad Professionals US, LLC ("Randstad") and Fiserv Solutions, LLC incorrectly named as Fiserv CIR d/b/a Fiserv ("Fiserv") file this Joint Response and Memorandum in Opposition to Plaintiff Lucreasha McKinney's Motion to Remand ("Motion") this cause to state court, and ask the Court to deny the Motion.

## NATURE AND STAGE OF THE PROCEEDING

This is a negligence action to recover damages for personal injuries allegedly suffered by Plaintiff when she allegedly slipped and fell on a piece of plastic at a facility owned and operated by Fiserv in Stafford, Texas.

Plaintiff filed her Original Petition ("Original Petition") on March 2, 2018, in the 240th Judicial District Court of Fort Bend County, Texas.

With Randstad's consent, Fiserv timely and properly removed the action on April 11, 2018, based on diversity jurisdiction under 28 U.S.C. § 1332(a). Fiserv's Notice of Removal,

ECF No. 1; Randstad's Consent to Notice of Removal, ECF No. 2. Fiserv filed an amended notice of removal on May 1, 2018. Fiserv's Am. Notice of Removal, ECF No. 9.

On May 9, 2018, Plaintiff filed her First Amended Petition ("First Amended Petition").[1] First Amended Petition, ECF No. 11. Also on May 9th, Plaintiff filed her Motion to Remand, arguing that this Court lacks subject-matter jurisdiction because the First Amended Petition does not allege damages in excess of the $75,000 amount-in-controversy requirement. Motion 2-3.

A scheduling conference has been scheduled for June 1, 2018.

## STATEMENT OF THE ISSUES

1.     Was it "facially apparent" from Plaintiff's Original Petition that the claims asserted sought damages exceeding the jurisdictional amount in controversy? 28 U.S.C. §§ 1446(a), 1332(a)(1).

2.     If it was "facially apparent" from Plaintiff's Original Petition at the time of removal that Plaintiff's claims exceeded the jurisdictional amount in controversy required for diversity jurisdiction, was Plaintiff's post-removal *unsworn statement* in her Motion limiting her damages to less than $75,000 sufficient to divest the Court's subject-matter jurisdiction? 28 U.S.C. §§ 1446(a), 1332(a)(1).

## STANDARD OF REVIEW

Defendants may remove from state court any civil action over which the federal courts would have had original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over any civil action in which, at the time of removal, complete diversity of

---

[1] Although this case has been removed to federal court, Plaintiff's amended complaint continues to uses the state-law terminology, so this Response does the same.

citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a).

Because Defendants have already established that they are diverse from Plaintiff for purposes of diversity jurisdiction,[2] and because Plaintiff does not dispute this element,[3] the only question at issue relates to the amount-in-controversy requirement. For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's initial pleading at the time of removal. *Id.* § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Where, as here, the plaintiff fails to specify the sum demanded in her state-court petition, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This requirement is met if either (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or (2) the defendant sets forth summary-judgment type evidence of facts in controversy that support a finding of the requisite amount. *Id*. As the following discussion demonstrates, in this case it is facially apparent that more than $75,000 is still in controversy and was in controversy at the time of removal.

## SUMMARY OF THE ARGUMENT

In her Motion, Plaintiff asserts that remand is appropriate because she is not seeking damages in excess of the jurisdictional threshold of $75,000. As the sole support for her Motion, Plaintiff argues that her First Amended Petition—filed post-removal—limits her damages to only monetary relief of $100,000 or less.

---

[2] Fiserv's Am. Notice of Removal ¶¶ 8-11, ECF No. 9.

[3] Motion 3.

Plaintiff's argument fails as a matter of law. The Fifth Circuit has held that a plaintiff's post-removal amendment limiting the alleged damages does not divest the district court of jurisdiction where—as in this case—it was apparent from the face of the plaintiff's original petition that the alleged damages were likely to exceed $75,000 at the time of removal. Because this matter was removable when Plaintiff filed her state-court petition, her post-removal amendment and pleadings are of no consequence.

Had Plaintiff desired to limit recovery and keep her action in state court, there was a simple and straightforward way to accomplish this objective, which a federal court is obligated to honor: Plaintiff could have avoided federal jurisdiction by filing with the state court, along with her state-court petition, a binding *stipulation or affidavit* of damages stating that she would not accept an award greater than the jurisdictional threshold. *Manguno*, 276 F.3d at 724 ("[L]itigants who want to prevent removal must file a binding affidavit with their complaints."); *Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 214 (E.D. Tex. 1996) ("The rule is extremely simple: If the plaintiff desires to stipulate to damages less than $[75],000, do so in the state court, and the case will not be removable."). Plaintiff has never filed such a stipulation or affidavit, not even with her post-removal amendment. Instead, Plaintiff has only *alleged*—not in her Original Petition or her post-removal First Amended Petition but only in the arguments of her Motion— that she seeks damages below the jurisdictional threshold.

Plaintiff purposely waited until after Defendants removed the case to attempt to limit her damages. And even that attempt is ineffectual. While Plaintiff's Motion supposedly limits her damages under the jurisdictional amount, she has still alleged in her post-removal First Amended Petition (the current live pleading) that she "seeks only monetary relief of $100,000 or less." "This makes [her] tactics suspect and smacks of legal legerdemain, a practice cited with

disapproval by the Fifth Circuit." *See Wilson v. Hibu Inc.*, No. 3:13–CV–2012–L, 2013 WL 5803816, at *6 (N.D. Tex. Oct. 28, 2013) (denying remand where the plaintiff pleaded monetary relief below the jurisdictional threshold but failed to file a stipulation until after removal).[4] "Such manipulation is surely characterized as bad faith." *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). Accordingly, Plaintiff's Motion should be denied.

**ARGUMENTS AND AUTHORITIES**

1.     **Plaintiff's claims, on their face, easily exceed the jurisdictional threshold.**

It is facially apparent from Plaintiff's Original Petition (and also from her post-removal First Amended Petition) that the claims asserted exceed the sum or value of $75,000, exclusive of costs and interest. Thus, the case should be retained on the Court's docket.

Courts considering claims similar to Plaintiff's have found that the amount in controversy exceeded the jurisdictional minimum. For example, in *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000), the Fifth Circuit concluded that it was "facially apparent" from the plaintiff's complaint—which alleged damages for medical expenses, physical pain and suffering, mental anguish, loss of wages, and permanent disability and disfigurement as a result of the injuries she sustained—that the amount in controversy exceeded $75,000, and held that "the district court properly disregarded [p]laintiff's post-removal affidavit and stipulation for damages less than $75,000." Similarly, in *Salazar v. Downey*, 3:12-CV-2656-M, 2012 WL 5389678, at *2 (N.D. Tex. Nov. 5, 2012),[5] the Northern District of Texas found that a petition "plainly indicate[d]" that it was more likely than not that the plaintiff's damages would "exceed $75,000

---

[4] In accordance with Rule 6(b) of the Court's Procedures, a true and correct copy of this case is attached hereto as **Exhibit 1.**

[5] A true and correct copy of this case is attached hereto as **Exhibit 2.**

in the event of a favorable verdict" where the plaintiff alleged unspecified bodily injuries and claimed he had incurred $50,000 in continuing medical expenses. A court in the Southern District of Texas likewise found that, where the plaintiff alleged "a 'crushed' foot and toes," the petition "reveal[ed] on its face that the amount in controversy [wa]s greater than $75,000." *Hernandez v. CST Drilling Fluid, Inc.*, 2008 WL 150962, at *3 (S.D. Tex. Jan. 11, 2008) (Jack, J.).[6] Another court within the Fifth Circuit held that, where the plaintiff's hand was allegedly injured in an accident that required surgery and additional medical treatment, and the plaintiff sought past, present, and future damages for physical pain and suffering, emotional distress, loss of enjoyment of life, and medical expenses, it was facially apparent that the jurisdictional minimum was met. *Broussard v. Celebration Station Props., Inc.*, 2014 WL 1402144, at *3-4 (M.D. La. Apr. 10, 2014).[7]

---

[6] A true and correct copy of this case is attached hereto as **Exhibit 3**.

[7] A true and correct copy of this case is attached hereto as **Exhibit 4**. *See also In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 38788 (5th Cir. 2009) (stating that allegations of severe personal injuries along with pain and suffering like the kind Plaintiff alleges here will establish the requisite amount in controversy); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999) (stating that allegations for "specific types of medical treatment, emotional distress, [and] functional impairments" support a substantially larger monetary basis for federal jurisdiction); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that damages exceeded the jurisdictional amount where the complaint sought recovery for, among other things, medical bills and pain and suffering; *Carnahan v. Southern Pacific R.R. Transp. Co.*, 914 F. Supp. 1430, 1431 (E.D. Tex. 1995) (stating that in determining whether a given personal-injury suit presents an amount in controversy within its jurisdiction at the time of removal, a court may look to damage awards in similar cases); *De Aguilar v. Boeing Co.*, 790 F. Supp. 693, 694 (E.D. Tex. 1992), *aff'd*, 11 F.3d 55 (5th Cir. 1993) (same); *Carleton v. CRC Indus. Inc.*, 49 F. Supp. 2d 961, 962 (S.D. Tex. 1999) (holding that it was readily apparent from a reasonable and common-sense analysis of the allegations in the plaintiffs' petition that the damages they sought exceeded the jurisdictional threshold); *Wilson*, 2013 WL 5803816, at *9, Ex. 1 ("[I]t is facially apparent that the amount in controversy more likely than not exceeds $75,000. The court has no pause in reaching that conclusion because no uncertainty or ambiguity exists as to the amount in controversy.").

Plaintiff alleges that she slipped and fell on a piece of plastic while six months pregnant at Fiserv's facility and, as a result, "suffered immense bodily harm, discomfort, hospitalization and lingering effects." Original Petition § IV, ECF No. 1-1. Plaintiff further alleges that she "was exposed to significant harm which resulted in Plaintiff receiving severe injuries throughout her body," including "significant emotional distress, anxiety and worry." *Id.* § V Plaintiff seeks damages for the "necessary hospital and medical expenses" she incurred and "will continue to incur . . . for an undetermined length of time in the future." *Id.* § VI. As a result of the alleged accident, Plaintiff also claims that she "will be forced to endure . . . extreme physical pain, suffering and mental anguish . . . for an undetermined length of time in the future and probably for the rest of [her] life." *Id.* She seeks damages for past and future pain and suffering, mental anguish, medical expenses, physical impairment, and disability, and for physical disfigurement in the past. *Id.* §§ IV, VI. Plaintiff also requests an award for "lost wages and/or household." *Id.* § VI(l).[8] Given the nature of Plaintiff's allegations and request for damages, and when read collectively under the guiding legal principles outlined above, it is apparent from Plaintiff's Original Petition that the amount in controversy more likely than not would exceed $75,000 in the event of a favorable verdict.[9]

Plaintiff's choice of discovery-control plan further confirms that the amount in controversy exceeds $75,000. Although the Original Petition failed to specify any of the five

---

[8] To the extent Plaintiff seeks the recovery of punitive damages, such damages should also be included in the amount in controversy. *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (noting that punitive damages should be included in the amount in controversy when determining whether the amount in controversy exceeds the requisite threshold).

[9] Defendants do not mean to imply that Plaintiff is entitled to any such damages in this case and deny that they are liable to Plaintiff in any way. It is their position, however, that Plaintiff's claims have placed such damages "in controversy" and, therefore, the amount in controversy in this case exceeds $75,000.

prescribed claims for relief mandated by Texas Rule of Civil Procedure 47, the First Amended

Petition added—for the first time—a "Rule 47(c) Disclosure" that provides as follows:

> Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

*Id.* § III. Other than this "Rule 47(c) Disclosure," Plaintiff made zero changes to the "Damages"

section of her First Amended Petition, she added no further details about the value of her claim

or the amount in controversy, and she did not change the discovery-control plan. *Id.* § VI.

Indeed, both Plaintiff's Original and First Amended Petitions state that discovery will be

conducted under a Level 2 discovery-control plan pursuant to the Texas Rules of Civil

Procedure. ECF No. 11 § II. The fact that Plaintiff did not plead the mandatory expedited-

discovery procedures available to Level 1 plaintiffs seeking less than $100,000 under the Texas

Rules is relevant to determining the amount in controversy. *See generally* Tex. R. Civ. P.

169(a)(1) (providing that where, as here, a suit seeks only monetary relief totaling $100,000 or

less, the expedited-actions process is **mandatory**); *see also Dean v. Accenture Fed. Servs., LLC*,

2011 WL 6355298, at \*3 (W.D. Tex. Dec. 19, 2011) ("[G]iven the allegations of severe mental

anguish, both past and future, and invocation of a Level 2 discovery control plan, the Court finds

that it is facially apparent that the amount in controversy, based on compensatory damages and

attorneys' fees, exceeds $75,000.").[10] Accordingly, Defendants have satisfied the amount-in-

controversy prong of diversity jurisdiction.

---

[10] A true and correct copy of this case is attached hereto as **Exhibit 5**.

2.     **Post-removal amendments reducing the amount in controversy to under the jurisdictional threshold do not affect removability.**

At the time of removal, the allegations in Plaintiff's Original Petition demonstrated that the amount in controversy exceeded $75,000, excluding interest and costs.

"[J]urisdiction is determined as of the time of removal and post-removal events will generally not deprive the court of jurisdiction." *Bank One Texas Nat. Ass'n v. Morrison*, 26 F.3d 544, 547 (5th Cir. 1994).[11] Thus, to determine whether jurisdiction is present for removal, federal courts only consider the claims in the state-court petition as they existed at that time. *Bartel v. Alcoa S.S. Co., Inc.*, 805 F.3d 169 (5th Cir. 2015); *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013); *Gates v. Allstate Texas Lloyd's*, 267 F. Supp. 3d 861, 872 (W.D. Tex. 2016) (stating that the Fifth Circuit has made clear that "once a defendant has removed the case . . . later filings [are] irrelevant").

Indeed, events taking place after removal—including the filing of an amended complaint, such as Plaintiff's First Amended Petition—are irrelevant and cannot defeat the right of removal. *Pullman Co. v. Jenkins*, 59 S. Ct. 347 (1939).[12] As the Supreme Court stated in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 58 S. Ct. 586, 592 (1938): "And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below

---

[11] *See also GlobeRanger Corp. v. Software AG United States of America, Inc.*, 836 F.3d 477 (5th Cir. 2016) (stating that it is a fundamental principle that jurisdiction is determined based on the time of removal); *Flagg v. Stryker Corp.*, 819 F.3d 132 (5th Cir. 2016) (noting that the jurisdictional facts that support removal must be judged at the time of the removal).

[12] *See also Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256 (5th Cir. 1995) (recognizing that a complaint amended post-removal cannot divest a federal court of jurisdiction; removal jurisdiction must be determined on the basis of claims in the state-court complaint, as it exists at the time of removal); *Bank One Texas Nat. Ass'n v. Morrison*, 26 F.3d 544 (5th Cir. 1994) (stating that since jurisdiction is determined as of the time of removal, post-removal events will not deprive a federal court of jurisdiction).

the requisite amount, this does not deprive the district court of jurisdiction."[13] Following removal, therefore, the federal district court's jurisdiction is not lost by an amendment to the complaint reducing the amount claimed below the minimum amount in controversy. *Service Finance Corp. v. Coppard*, 116 F.2d 488, 489 (5th Cir. 1940).[14] Otherwise, defendant's statutory right of removal would be subject to plaintiff's caprice. *Bak IV Salina, N.A. v. Aetna Cas. and Sur. Co.*, 783 F. Supp. 1315, 1317 (D. Kan. 1992).

Even a post-removal sworn declaration or affidavit by the plaintiff limiting her damages to $75,000 or less would be ineffective. *Gebbia*, 233 F.3d at 883 (holding that "the district court properly disregarded [the] [p]laintiff's post-removal stipulation for damages less than $75,000" and that "such affidavit and stipulation did not divest the district court's jurisdiction" because it was "facially apparent" from the plaintiff's petition that the claimed damages exceeded $75,000).[15]   In *De Aguilar*, the Fifth Circuit made clear that plaintiffs must file

---

[13] *See also Wisconsin Dept. of Corrections v. Schacht*, 118 S. Ct. 2047, 2053 (1998) ("A case such as this one is more closely analogous to cases in which a later event, say, the change in the citizenship of a party or a subsequent reduction of the amount at issue below jurisdictional levels, destroys previously existing jurisdiction. In such cases, a federal court will keep a removed case."); *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957) (observing that once diversity is established, it cannot be impaired by a later event that reduces the recoverable damages to below the minimum amount in controversy).

[14] *Haviland v. W. U. Tel. Co.*, 119 F. Supp. 438, 441 (S.D. Tex. 1953) (holding that the defendant had the right to remove, and that "jurisdiction, once acquired, is not lost by reduction of the claim"); *Yong Qin Luo v. Mikel*, 625 F.3d 772 (2d Cir. 2010) (finding that a plaintiff cannot seek to deprive a federal court of jurisdiction following removal by reducing her demand to $75,000 or less once the jurisdictional threshold has been satisfied); *Nelson v. Whirlpool Corp.*, 727 F. Supp. 2d 1294, 1301 (S.D. Ala. 2010) ("[E]vents occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction. This rule extends to post-removal amendments to the complaint to reduce the damages claimed.").

[15] *See also De Aguilar*, 47 F.3d at 1410 ("As a functional matter, plaintiffs are attempting to avoid federal jurisdiction. This goal is the same whether they pick a number such as [$74,999] or merely announce a ceiling that, conveniently, is barely within the statutory limit. . . . [Because

a *binding stipulation with their original petition in state court* that they will not accept a sum of damages exceeding $75,000 to avoid federal diversity jurisdiction—a mere *allegation within* their amended complaint or other pleading that they seek only monetary relief of less than $75,000 does not suffice. 47 F.3d at 1412.

Here, Plaintiff easily could have avoided the removal of this case had she simply filed a stipulation or affidavit along with her Original Petition in state court. She chose not to do so. In fact, Plaintiff did not even limit her damages to under $75,000 in her post-removal First Amended Petition. In that pleading, Plaintiff claims she "seeks . . . monetary relief of $100,000 or less." First Amended Petition § III, ECF No. 11. Plaintiff's Motion, filed on the same day as her First Amended Petition, alleges for the first time (and not under oath or supported by any affidavit or declaration) that "Plaintiff is not seeking damages in excess of the $75,000." Motion 2-3.[16] This unsworn allegation, which contradicts the claim she made on the same day in her

---

plaintiffs'] cause[s] of action and the relief actually sought clearly involve a controversy in excess of the required [jurisdictional] amount, removal is not defeated by [their] monetary prayer for less than the amount.").

[16] Plaintiff's half-hearted attempt to limit her damages is also ineffective because it is not an actual limit on the potential judgment she would receive, as the Fifth Circuit requires. *See Ditcharo v. United Parcel Serv., Inc.*, 376 Fed. App'x. 432, 436 (5th Cir. 2010). Her post-removal addition to her First Amended Petition stating that "she seeks only monetary relief of $100,000 or less" is not an unequivocal statement limiting her damages to an amount below the jurisdictional minimum. Indeed, it evidences exactly the opposite: that Plaintiff seeks damages above $75,000. *See Zubie Wear v. Am. Time Mfg. Ltd.*, No. SA–12–CV–763–XR, 2012 WL 6629603, at *2 (W.D. Tex. Dec. 19, 2012) ("[The] [p]laintiff's pleading statement [that the plaintiff sought monetary relief aggregating less than $75,000] is nonetheless insufficient to defeat jurisdiction in this case because [this] statement does not indicate whether [the plaintiff] would accept an award in excess of $75,000."). A true and correct copy of this case is attached hereto as **Exhibit 6**. Moreover, no Texas rule would preclude Plaintiff from amending her complaint to allege and recover an amount that exceeds $75,000. Tex. R. Civ. P. 63 ("Parties may amend their pleadings . . . by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party . . . ."); *see also Ford v. United Parcel Serv., Inc. (Ohio)*, 2014 WL 4105965, at *4 (N.D. Tex. Aug. 21, 2014) (determining that while "the allegations of [the

---

First Amended Petition, is Plaintiff's *only* argument for remand. Her post-removal tactics and contradictory statements are both suspect and disapproved of by the Fifth Circuit. *See St. Paul Reinsurance*, 134 F.3d at 1254 n. 18 (criticizing manipulative tactics by plaintiffs that reduce the amount in controversy to avoid federal jurisdiction and removal); *Wilson*, 2013 WL 5803816, at *6, Ex. 1 ("[T]he court does not understand Plaintiff's failure to take the next step and file in conjunction with her state court pleadings a binding affidavit or stipulation that the amount in controversy or her damages did not exceed $75,000.").

As discussed in more detail above, it is facially apparent that the claims asserted in the Original Petition as they existed at the time of removal exceeded the jurisdictional minimum. Plaintiff's post-removal effort to divest this Court of jurisdiction by amending her complaint and limiting the amount in controversy is therefore insufficient to defeat diversity jurisdiction.[17]

---

plaintiff's] petition [were] binding judicial admissions for the time being, they [would] cease to be 'conclusive and undisputable judicial admissions' if she cho[se] to amend or supersede her petition, as the Texas rules g[ave] her considerable latitude to do."). A true and correct copy of this case is attached hereto as **Exhibit 7**.

[17] In her post-removal First Amended Petition, Plaintiff apparently tried to comply with Texas Rule of Civil Procedure 47(c) by pleading that she "seeks . . . monetary relief of $100,000 or less." Had Plaintiff properly followed Rule 47, however, she would have included this allegation in her Original Petition, which she failed to do. And because Plaintiff's First Amended Petition was originally filed in federal court, Plaintiff was not required to comply with Texas Rule 47. To the extent the Court considers this post-removal statement, it supports diversity jurisdiction since it suggests that Plaintiff has damages above $75,000; alternatively, it is otherwise a neutral element in the analysis, since the statement is not evidence of the actual value of Plaintiff's claim, but merely a pleading requirement with which Plaintiff apparently believed she had to comply. *See Jackson v. Bank of Am., N.A.*, No. 3:13–CV–4093–L, 2014 WL 2616872, *3 (N.D. Tex. June 12, 2014) ("The paragraph in Plaintiff's complaint stating that he 'seeks monetary relief of $100,000 or less and non-monetary relief' merely conforms to Texas Rule of Civil Procedure 47, which requires plaintiffs to select one of five prescribed claims for relief and does not represent a request for a specific dollar amount of damages."). A true and correct copy of this cases is attached hereto as **Exhibit 8**. *See also Oliver v. CitiMortgage, Inc*., 3:13-CV-2566-G, 2014 WL 285218, at *6 (N.D. Tex. Jan. 27, 2014) ("Texas law required [plaintiff] to include that [Rule 47] statement in her petition, so it is not evidence of the actual value of her claim."). A true

**CONCLUSION**

At this late stage, Plaintiff's post-removal, unsworn allegation limiting her damages cannot divest this Court of jurisdiction. Because removal was proper based on diversity jurisdiction, Defendants ask the Court to deny Plaintiff's Motion to Remand, retain the case on the Court's docket, and award them all other relief, both in law and in equity, to which they may be justly entitled.

---

and correct copy of this cases is attached hereto as **Exhibit 9**. Thus, Plaintiff's belated attempt to comply with Rule 47 is not grounds for remand.

Dated: May 30, 2018

Respectfully submitted,

*/s/ Esteban Shardonofsky*
Esteban Shardonofsky
S.D. Tex. ID 615928
Texas Bar No. 24051323
sshardonofsky@seyfarth.com
Andrew del Junco
S.D. Tex. ID 2751659
Texas Bar No. 24097585
adeljunco@seyfarth.com
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas 77002
(713) 225-2300 – Telephone
(713) 225-2340 – Facsimile

ATTORNEYS FOR DEFENDANT,
RANDSTAD PROFESSIONALS US, LLC

*/s/ Andrew G. Spaniol*
Andrew G. Spaniol
S.D. Tex. ID 990471
Texas Bar No. 24063012
andrew.spaniol@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
2200 Ross Avenue, Suite 3300
Dallas, Texas 75201
(214) 721-8000 – Telephone
(214) 721-8100 – Facsimile

ATTORNEY FOR DEFENDANT,
FISERV SOLUTIONS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, as listed below, by operation of the court's electronic notification system and via email on this 30th day of May, 2018.

Therese Mathers
The Payne Firm, P.C.
2900 Smith Street, Suite 200
Houston, Texas 77006
tmathers@paynelawfirm.com

Andrew Spaniol
Bryan Cave Leighton Paisner
JP Morgan Chase Tower
2200 Ross Ave., Suite 3300
Dallas, Texas 75201
andrew.spaniol@bclplaw.com

*/s/ Esteban Shardonofsky*
Esteban Shardonofsky